USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ITRIA VENTURES LLC,

                  Plaintiff,

-against-

WELCOME GROUP LLC dba AMERICA
BEST VALUE INN, LANCASTER
HOSPITALITY, LLC dba HAMPTON INN,
HILLIARD HOTELS, LLC dba HAMPTON
SIDNEY, SYNERGY HOTELS, LLC dba
HOLIDAY INN OBETZ, TEHRAH
HOSPITALITY, LLC dba HOLIDAY INN
TOLEDO, OAK HILLS HOTELS, LLC dba
HOLIDAY INN GROVEPORT, DAYTON
HOTELS, LLC dba BEST WESTERN NORTH,
ELITE HOSPITALITY LLC dba QUALITY
INN SUITES, S&G HOSPITALITY, INC. dba
QUALITY INN SUITES, SMV HOTELS, INC.
dba HOLIDAY INN GROVEPORT, INNVITE
HOSPITALITY GROUP, LLC, BUCKEYE
LODGING, LLC dba RED ROOF PLUS,
WELCOME GROUP 2 LLC dba SUPER 8,
SUNBURST HOTELS LLC dba QUALITY
INN SUITES, ABHIJIT S. VASANI, and
BHAVNA A. VASANI,

                  Defendants.

23-CV-1575 (VEC)

ORDER

------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on February 24, 2023, Defendants filed notice to remove this matter from New York Supreme Court, New York County to this Court, *see* Notice of Removal, Dkt. 1;

      WHEREAS on March 24, 2023, Plaintiff moved to remand this case to state court based on forum-selection clauses allowing Plaintiff to sue Defendants in New York, Delaware, or Ohio, and requested reasonable attorneys' fees incurred in connection with its motion, *see* Not. of Mot., Dkt. 36; and

WHEREAS on April 7, 2023, Defendants consented to remand and opposed Plaintiff's request for attorneys' fees, *see* Defs. Mem., Dkt. 41;

IT IS HEREBY ORDERED that the Clerk of Court is respectfully directed to terminate all open motions and to remand this case to the Supreme Court of New York, New York County.

IT IS FURTHER ORDERED that Plaintiff's request for reasonable attorneys' fees in connection with its motion for remand is DENIED because Defendants' notice of removal was not objectively unreasonable.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (affirming the denial of attorneys' fees even though removal had been improper); *Hefton v. Viscern Holding Corp.*, No. 07-CV-9586 (RPP), 2008 WL 938938, at *4–6 (S.D.N.Y. Apr. 7, 2008) (denying plaintiffs' motion to remand and request for attorneys' fees in part because the forum-selection clauses at issue did not include an "explicit waiver of a right to remove to federal court"); *cf. Gen. Elec. Capital Corp. v. Cutler*, No. 15-CV-4420 (PAE), 2015 WL 7444627, at *3–4 (S.D.N.Y. Nov. 23, 2015) (awarding attorneys' fees in connection with a motion to remand because the forum-selection clauses at issue required defendants to "irrevocably waive[]" any right to removal).

**SO ORDERED.**

**Date: April 10, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**